U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 19 2013

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**GEORGIA-PACIFIC LLC**                                                              **PLAINTIFF**

v.                                    NO. 13-1013

**VESCOM CORPORATION**                                                         **DEFENDANT**

### PLAINTIFF'S ORIGINAL COMPLAINT AND CAUSE OF ACTION

Plaintiff, Georgia-Pacific LLC, by and through its attorneys, McMath Woods P.A., for its original complaint and cause of action against defendant, Vescom Corporation, states and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

2. Venue is proper in that the incident giving rise to plaintiff's claims occurred in Crossett, Ashley County, Arkansas.

### PARTIES

3. Plaintiff Georgia-Pacific LLC ("GP") is a Delaware limited liability company authorized to do business in the state of Arkansas whose principal place of doing business is 133 Peachtree Street Northeast, Atlanta, Georgia 30303 and whose registered agent for service in Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

4. Defendant Vescom Corporation ("Vescom") is an Illinois corporation authorized to do business in the state of Arkansas whose principal place of doing business is 705 Main Road

North, Hampden, Maine 04444 and whose registered agent for service in Arkansas is The Prentice-Hall Corporation System, 300 Spring Building, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

## FACTUAL ALLEGATIONS

5. GP contracted with Vescom to provide unarmed guard security services ("Services") to GP paper manufacturing facilities. *See* Georgia-Pacific Service Agreement attached hereto as Exhibit 1 and hereafter referred to as "Agreement."

6. Per the Agreement, scale house operator was one of the duties to be performed by Vescom security guards.

7. Per the Agreement, Vescom "shall exert all reasonable efforts to protect [GP]'s property from damage or loss arising in connection with the Services. As between [GP and Vescom], [Vescom] shall bear the full risk of, and shall make good, such damage or losses and shall deliver the Services in accordance with this Agreement."

8. GP contracted with Vescom to provide Services to GP's Crossett facilities. *See* Facility Participation Agreement attached hereto as Exhibit 2.

9. Arkansas law requires any person engaged in the business of security services contractor to be licensed under the laws of Arkansas through the Arkansas Board of Private Investigators and Private Security Agencies. *See* Ark. Code Ann. § 17-40-101, *et. seq.*

10. Vescom is a licensed security contractor in Arkansas.

11. There are two weigh scale houses at the GP facilities in Crossett. One of the weigh scale houses supports the paper mill.

12. In early 2011, the paper mill weigh scale house began to operate twenty-four hours a day, seven days a week.

13. Beginning in early 2011, the paper mill weigh scale house was operated by a combination of GP employees and Vescom security guards. GP employees operated the paper mill weigh scale from approximately 6:00 a.m. to 9:30 p.m. Monday through Friday and approximately 5:30 a.m. to 6 p.m. on Saturdays and Sundays. Vescom security guards operated the paper mill weigh scale house from approximately 9:30 p.m. to 6:00 a.m. Monday through Friday and approximately 6 p.m. to 5:30 a.m. on Saturdays and Sundays.

14. Vescom security guards operated the paper mill weigh scale house with a single person running the weigh scales per shift.

15. Mary Baker ("Baker") was an employee of Vescom.

16. K.A.P.I., Inc. and Atkins Construction Inc. were companies owned and operated by Ken Atkins. K.A.P.I., Inc. and Atkins Construction Inc. had purchase agreements with GP's Crossett facilities. *See* Purchase at Plant Agreement between K.A.P.I., Inc. and GP, attached hereto as Exhibit 3, and Purchase at Plant Agreement between Atkins Construction Inc. and GP, attached hereto as Exhibit 4. Hereafter, K.A.P.I. Inc., Atkins Construction and Ken Atkins will be collectively referred to as "Atkins."

17. From January 2011 through March 2012, Baker incorrectly issued weigh scale tickets to Atkins. Atkins received payment from GP for the incorrect weigh scale tickets. Atkins made payments to Baker for issuing incorrect weigh scale tickets.

18. As a direct and proximate result of Baker issuing incorrect weigh scale tickets to Atkins, GP paid Atkins approximately $489,762.98 that he was not entitled to. Atkins in turn paid Baker a portion of this money in exchange for issuing incorrect weigh scale tickets.

19. GP has made demand to Vescom for the loss it has suffered. Vescom has failed to compensate GP for its loss.

## COUNT I: BREACH OF CONTRACT

20. All allegations herein are incorporated in this count.

21. The Agreement was a contract for services between GP and Vescom.

22. The Agreement required Vescom to protect GP's property from damage or loss.

23. GP did what was required of it under the Agreement.

24. Issuing incorrect weigh scale tickets by Baker, Vescom's employee, constitutes a material breach of the Agreement.

25. Vescom's breach of the Agreement was a proximate and actual cause of GP's damages.

## COUNT II: NEGLIGENT HIRING AND RETENTION

26. All allegations herein are incorporated in this count.

27. Vescom had a duty to do what a reasonably careful person would do and to not do what a reasonably careful person would not do under circumstances similar to those alleged herein, to exercise ordinary care, and to otherwise not act negligently.

28. Vescom had a duty to not act negligently in evaluating before hire, hiring, training, supervising, monitoring, re-evaluating during employment, retraining during employment, retaining and assigning security guards, including Baker.

29. Vescom breached the above duties and acted negligently, both in general and in the following particulars:

    (a) failing to adequately evaluate Baker before hiring her as a security guard;

    (b) failing to adequately train Baker as a security guard;

    (c) failing to adequately supervise Baker as a security guard;

    (d) failing to adequately monitor Baker as a security guard;

(e) failing to adequately evaluate Baker as a security guard during her employment;

(f) failing to adequately re-train Baker as a security guard during her employment;

(g) failing to take adequate corrective action in response to Baker's multiple violations of state laws as described herein;

(h) retaining Baker as a security guard; and

(i) failing to assign Baker in a manner that would not allow Baker to perform her illegal acts while on duty as a security guard.

30. Vescom's negligence was a proximate and actual cause of GP's damages.

### COUNT III: VIOLATION OF ARK. CODE ANN. § 17-40-315(b)

31. All allegations herein are incorporated in this count.

32. At the time of the actions giving rise to the loss, there was a statute in force in Arkansas stating that at all times a licensed security services contractor shall be legally responsible for the good conduct in the business of each employee, including his or her manager. *See* Ark. Code Ann. § 17-40-315(b).

33. Vescom's failure to take legal responsibility for the actions of its employee, Baker is a violation of Arkansas law.

34. Vescom's violation of Arkansas law was a proximate and actual cause of GP's damages.

### COUNT IV: VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT

35. All allegations herein are incorporated in this section.

36. Vescom, through the actions of its employee Baker, engaged in an unconscionable, false, or deceptive act or practice in business, commerce or trade in violation of Ark. Code Ann. §4-88-107(a)(10) when she issued incorrect weigh scale tickets.

37. Vescom's conduct, through the actions of its employee Baker, was a proximate cause of GP's damages.

38. At all times relevant to this claim, Baker was acting within the scope of her agency and/or employment with Vescom, subject to Vescom's control, and in the furtherance of Vescom's interests.

39. Under the doctrine of *respondeat superior*, Arkansas law, and the Agreement, Baker's conduct that resulted in GP's loss is chargeable to Vescom.

40. As a result of Vescom's violation of the ADTPA, GP is entitled to recover its actual damages along with punitive damages, attorney's fees and costs.

## DAMAGES

41. All allegations herein are incorporated in this section.

42. As a proximate and actual cause of Vescom's conduct, GP suffered a loss of approximately $489,762.98.

43. GP's damages are in excess of the amount required for federal court diversity jurisdiction.

44. Vescom knew or ought to have known, in light of the surrounding circumstances, that its conduct described herein would naturally and probably result in damages, and Vescom continued such conduct in reckless disregard of the consequences, from which malice may be inferred.

45. Punitive damages should be imposed to punish Vescom and to deter Vescom and

others from similar conduct.

46. In addition to the amount of the loss suffered, GP is entitled to reasonable attorney fees and costs pursuant to Ark. Code Ann. § 16-22-308 and Ark. Code Ann. § 4-88-113(f).

## JURY DEMAND

47. GP demands trial by jury.

WHEREFORE, Georgia-Pacific LLC, prays that the Court enter judgment in its favor and against the defendant, Vescom Corporation, for all damages suffered, in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, for punitive damages, for pre and post-judgment interest, for attorney fees and costs, and all other damages and relief allowed by law.

Respectfully submitted,

GEORGIA-PACIFIC LLC, Plaintiff

By: Samuel E. Ledbetter, AR Bar No. 83110
Carter C. Stein, AR Bar No. 2004049
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
phone: (501) 396-5400
fax: (501) 374-5118
email: sam@mcmathlaw.com
carter@mcmathlaw.com